# EXHIBIT A

Received and E-Filed for Record
1/10/2020 10:36 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Jeff Fiore

20-01-00461
CAUSE NO. _____

| | | |
|---|---|---|
| DANA ANDERSON, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | MONTGOMERY COUNTY, TEXAS |
| | § | |
| TRANSAMERICA LIFE INSURANCE | § | Montgomery County - 410th Judicial District Court |
| COMPANY AND TRANSAMERICA | § | |
| PREMIER LIFE INSURANCE | § | |
| COMPANY, | § | |
| Defendant. | § | \_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Dana Anderson (hereinafter "Plaintiff"), and complains of Transamerica Life Insurance Company and Transamerica Premier Life Insurance Company (hereinafter collectively "Defendants"). In support of her claims and causes of action, Plaintiff would respectfully show the Court as follows:

### I.
### DISCOVERY LEVEL

1.  Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### II.
### JURISDICTION AND VENUE

2.  This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Additionally, Venue is mandatory and proper in Montgomery County, Texas, in accordance with Tex. Civ. Prac. & Rem. Code § 15.002, as all or a substantial part of the events giving rise to this suit occurred within this county.

## III.
## PARTIES

3. Plaintiff, whose last three digits of her driver's license number are 023, and the last three digits of her social security number are 621, is an individual resident of New Caney, Montgomery County, Texas.

4. Defendant, Transamerica Life Insurance Company hereinafter "Transamerica"), is a foreign licensed insurance company authorized to do and doing business in the State of Texas. This includes Plaintiff's insurance policy which is at issue in the present case. Defendant may be served with Citation and a copy of this Petition, by serving it on its Registered Agent, CT Corporation System, at its registered address, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or wherever it may be found.

5. Defendant, Transamerica Premier Life Insurance Company (hereinafter "Premier"), is a foreign licensed insurance company authorized to do and doing business in the State of Texas. This includes Plaintiff's insurance policy which is at issue in the present case. Defendant may be served with Citation and a copy of this Petition, by serving it on its Registered Agent, CT Corporation System, at its registered address, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or wherever it may be found.

## IV.
## FACTUAL BACKGROUND

6. Plaintiff is the widow of Dayle Anderson who passed away on January 20, 2018.

7. Plaintiff's husband, Dayle Anderson, was a named insured under group accidental death and dismemberment policy #7452W6802 issued by Defendant, Transamerica Life Insurance Company, to JcPenney credit card holders.

8. Dayle Anderson, was also a named insured under group accidental insurance policy, Certificate Number AD7-3746721 issued by Defendant, Transamerica Premier Life Insurance Company, to Bank of America Customer Group.

9. At all material times, both policies were in full force and effect as to Mr. Anderson.

10. All of the premium payments had been timely paid by Mr. and Mrs. Anderson.

11. On January 5, 2018, Mr. Anderson slipped and fell getting out of the shower. This fall left an abrasion on his right hip. After a few days, the area around the abrasion became swollen.

12. On Sunday January 14, 2018, Mr. Anderson was taken to the emergency room at Baylor St. Luke's Medical Center and subsequently admitted. Tragically, six days later Mr. Anderson passed away due to sespis and cellulitis stemming from his accidental fall.

13. At the time of his death, Mr. Anderson was married to Plaintiff, Dana Anderson. Plaintiff is the beneficiary under both policies subject of this litigation.

14. Following Mr. Anderson's passing, Plaintiff submitted a claim with each Defendant under each of the respective policies.

15. Plaintiff died as a result of an accident as defined in the policies.

16. Plaintiff provided Defendants with all of the information requested in order to adjust this claim.

17. On or about July 5, 2018, Transamerica Premier Life Insurance Company denied Plaintiff's claims for benefits, stating as the reason that, Mr. Anderson's death was not the result of an accident injury independent of all other causes.

18. On or about August 20, 2018, Plaintiff re-sent correspondence with supporting documentation to Transamerica Premier. In response, Transamerica Premier Life Insurance Company re-affirmed its denial of Plaintiff's claims for benefits via correspondence dated September 25, 2018.

19. On or about September 27, 2018, Transamerica Life Insurance Company denied Plaintiff's claim for benefits, stating as the reason that, Mr. Anderson's death was not the result of an accident injury independent of all other causes.

20. The certificate of death indicated Dayle Anderson's immediate cause of death was "Sepsis" and "Cellulitis." Mr. Anderson's death resulted from an accidental bodily injury as defined in the Policies.

21. Despite objective evidence, Defendants wrongfully denied Plaintiff's claims.

22. As a result of the above issues, Plaintiff did not receive the coverage for which she had originally contracted with Defendants. Therefore, Plaintiff has been forced to file this suit in order to recover damages arising from the above-referenced conduct and from the unfair refusal to pay insurance benefits in accordance with the Policies.

23. As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## V.
## CLAIMS AGAINST DEFENDANTS

24. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

25. All conditions precedent to recovery by Plaintiff have been met or have occurred.

26. All acts by Defendants were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Defendants and were completed in its normal and routine course and scope of employment with Defendants.

### 1. BREACH OF CONTRACT

27. Defendants failed to compensate Plaintiff the benefits Defendants owe Plaintiff under the polices.

28. Defendants have breached their contractual obligations under the subject insurance policies by failing to pay Plaintiff the benefits owed.

29. As a result of the breach, Plaintiff has suffered actual and consequential damages.

### 2. VIOLATIONS OF THE TEXAS DTPA AND TIE-IN-STATUTES

30. Defendants' collective actions constitute violations of the Texas Deceptive Trade Practices Act, including but not limited to, §§17.46(b)(5), (7), (12), (24), and 17.50(a)(3), (4) of the Texas Business & Commerce Code. Specifically in violation of §17.46(b), Defendants collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

> §17.46(b)(5) - Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;
>
> §17.46(b)(7) - Representing that goods or services are of a particular standard, quality, or grade, or that good are of a particular style or model, if they are of another;
>
> §17.46(b)(12) - Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and

§17.46(b)(24) - Failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

31. Moreover, and specifically in violation of §17.50(a), Defendants collectively engaged in the use of false, misleading and deceptive acts or practices outlined above, to which Plaintiff relied on to her detriment, in addition to engaging in the following:

§17.50(a)(3) - An unconscionable action or course of action; and

§17.50(a)(4) - Violating Chapter 541 of the Texas Insurance Code.

32. As described in this Original Petition, Defendants represented to Plaintiff that the Policy and Defendants' adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover under §17.46(b)(5) of the DTPA.

33. As described in this Original Petition, Defendants represented to Plaintiff that the Policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which also stands in violation of §17.46(b)(7) of the DTPA.

34. Defendants' actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under §17.50(a)(3) of the DTPA.

35. Defendants' conduct, acts, omissions, and failures, as described in this Original Petition, are violations of Chapter 541 of the Texas Insurance Code and are unfair practices in the business of insurance, in violation of §17.50(a)(4) of the DTPA.

36. Plaintiff is a consumer, as defined under the DTPA, who purchased insurance products and services from Defendants. Plaintiff relied upon the foregoing false, misleading, and deceptive acts or practices conducted by Defendants to her detriment. As a direct and proximate result of Defendants' collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this Original Petition.

37. Because Defendants' collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Defendants having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Defendants having intentionally committed such conduct.

38. As a result of Defendants' unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf. Accordingly, Plaintiff also seeks to recover her costs and reasonable and necessary attorneys' fees as permitted under §17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show herself to be justly entitled at law and in equity.

## 3. VIOLATIONS OF TEXAS INSURANCE CODE

### A. CHAPTER 541

39. Defendants' actions constitute numerous violations of the Texas Insurance Code, including §541.060(a). Under §541.060(a), Defendants engaged in certain unfair settlement practices with respect to a claim by an insured that include the following:

> §541.060(a)(1) - Misrepresenting a material fact or policy provision relating to coverage;
>
> §541.060(a)(2)(A) - Failing to make prompt, fair, and equitable settlement of a claim after the insurer's liability is established;
>
> §541.060(a)(3) - Failing to promptly provide a reasonable explanation of the basis for denial of a claim or for the offer of a compromise settlement;
>
> §541.060(a)(4)(A) - Failing to affirm or deny coverage of a claim or to submit a reservation of rights within reasonable time; and
>
> §541.060(a)(7) - Refusing to pay a claim without conducting a reasonable investigation of the details of the claim.

### B. CHAPTER 542

40. Defendants' actions constitute numerous violations of Chapter 542 of the Texas Insurance Code, including but not limited to, §§542.055 - 542.060. Defendants have violated §§542.055 - 542.058 of Chapter 542 of the Texas Insurance Code in its failure to adhere to the statutorily-prescribed deadlines in the handling, adjustment and payment of insurance claims. More specifically, Defendants committed the following violations:

> §542.055(a)(1) - Failing to acknowledge receipt of Plaintiff's claim within 15 days after Defendants received notice of Plaintiff's claim;
>
> §542.055(a)(2) - Failing to commence an investigation of Plaintiff's claim within 15 days after Defendants received notice of Plaintiff's claim;

§542.055(a)(3) - Failing to request from the Plaintiff all items, statements, and forms that Defendants reasonably believe, at the time, was required from Plaintiff, within 15 days after Defendants received notice of Plaintiff's claim;

§542.056(a) - Failing to notify Plaintiff in writing of acceptance or rejection of a claim not later than the 15th business day after the date Defendants received all items, statements, and forms required for Defendants to secure final proof of loss; and

§542.058(a) - Failing to, after receiving all items, statements, and forms reasonably requested and required under §542.055, Defendants delayed payment of the claim for a period exceeding the period more than 60 days.

41. As a result of the above-referenced violations and acts committed by Defendants, and in accordance with §542.06 of the Texas Insurance Code, Defendants are liable to pay Plaintiff, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorney's fees. Plaintiff is also entitled to prejudgment interest on the amount of the claim, as provided by law. Interest awarded under this subsection as damages accrues beginning on the date the claim was required to be paid.

42. Since a violation of the Chapter 541 of the Texas Insurance Code is a direct violation of the DTPA, and because Defendants' actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Defendants having knowingly committed such conduct.

43. Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Defendants having intentionally committed such conduct.

44. As a result of Defendants' Texas Insurance Code violations, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf. Accordingly, Plaintiff also seeks to recover her court costs, reasonable and necessary attorneys' fees as permitted under §17.50(d) of the Texas Business & Commerce Code or §541.152 of the Texas Insurance Code and any other such damages to which Plaintiff may show herself justly entitled by law and in equity.

### 4. BREACH OF THE COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

45. Defendants each have a duty to fairly, objectively, and thoroughly investigate, evaluate, and adjust the Plaintiff's claim. Defendants failed to do so by failing to conduct a reasonable investigations and ultimately denying the claims without reasonable investigations. Defendants' denials were made no reasonable basis to do so and their liability was reasonably clear.

## VI.
## WAIVER AND ESTOPPEL

46. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

47. Defendants have waived and are estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## VII.
## DAMAGES

48. Defendants' acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

49. More specifically, Plaintiff seeks monetary relief of over $100,000, but not more than $200,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

50. Furthermore, Defendants' conduct was committed knowingly and intentionally. Accordingly, Defendants are liable for additional damages under §17.50(b)(1) of the DTPA, as well as all operative provisions of the Texas Insurance Code. Plaintiff is, thus, clearly entitled to statutory penalty interest damages allowed by §542.060 of the Texas Insurance Code.

## VIII.
## ATTORNEY FEES

51. In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## IX.
## JURY DEMAND

52. Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

# X.
## **WRITTEN DISCOVERY PROPOUNDED TO DEFENDANTS**

A. REQUEST FOR DISCLOSURE

53. Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Defendants disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

B. REQUEST FOR PRODUCTION

49. Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Production.

    a. Please produce certified copy of the insurance policy pertaining to the claims, which are the subject of this suit.

    b. Please produce Defendant's complete claim file.

    c. Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

    d. Please produce all documentation regarding the processing and adjustment of the claims involved in this suit.

    e. Please produce all emails and other forms of communication by and between any and/or all parties in this matter relating to the underlying event or claims, which are the subject of this suit.

    f. Please produce all investigative reports regarding the claims, which are the subject of this suit.

    g. Please produce any and all emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claims.

    h. Please produce all records, reports and documentation from the medical consultant who reviewed the medical records on behalf of Defendant.

C. INTERROGATORIES

50. Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Interrogatories.

a. Please identify any person Defendant expects to call to testify at the time of trial.

b. Identify the individual responding to these discovery requests on behalf of Defendant, including his or her name, current occupation, and role in the Claim;

c. Please identify the persons involved in the investigation and handling of Plaintiff's claims for insurance benefits and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

d. If Defendant or Defendant's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Defendant or any of Defendant's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

e. Please identify by date, author, and result the reports generated as a result of Defendant's investigation.

f. Please state the following concerning notice of claims and timing of payment:

　　i. The date and manner in which Defendant received notice of the claim;
　　ii. The date and manner in which Defendant acknowledged receipt of the claim;
　　iii. The date and manner in which Defendant commenced investigation of the claim;
　　iv. The date and manner in which Defendant requested from the claimant all items, statements, and forms that Defendant reasonably believed, at the time, would be required from the claimant; and
　　v. The date and manner in which Defendant notified the claimant in writing of the acceptance or rejection of the claim.

g. Have Plaintiff's claims for insurance benefits been rejected or denied in full or in part? If so, state the reasons for rejecting/denying the claim.

  h. When was the date Defendant anticipated litigation?

  i. Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Defendant's document retention policy.

  j. Does Defendant contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

  k. Does Defendant contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual basis for this contention.

## XI.
## CONCLUSION AND PRAYER

  51. Plaintiff prays that judgment be entered against Transamerica Life Insurance Company and Transamerica Premier Life Insurance Company, and that Plaintiff be awarded all of her actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

  WHEREFORE, PREMISES CONSIDERED, Plaintiff prays she be awarded all such relief to which she is due as a result of the acts of Transamerica Life Insurance Company and Transamerica Premier Life Insurance Company, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**

*/s/ Chris Schleiffer*
Chris Schleiffer
Texas Bar No. 24088362
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
chris@vosslawfirm.com

**ATTORNEY FOR PLAINTIFF**